## Stubblefield v. Dong My Ha

*H. Joseph Flynn*, for petitioner.
*James D. Wolman*, for respondent.

ECKMAN, *J.*, July 17, 1978—The present case is before the court on respondent Dong My Ha's preliminary objections to petitioner Ly Stubblefield's petition to determine custody of the parties' two minor children. Respondent claims that jurisdiction is improper in Pennsylvania under the Uniform Child Custody Jurisdiction Act of June 30, 1977, P.L. 29, 11 P.S. §2301 et seq., and that even if jurisdiction could be exercised the court should decline to do so under the act due to petitioner's conduct in removing the children from respondent's residence in another forum, and because Pennsyl-

vania is an inconvenient forum. A stipulation of facts has been requested and submitted to the court in order to determine the issue of jurisdiction.

The parties here involved have never been married to each other but had lived together in Lancaster, Pa. with their two natural children from August 1975 until February of 1976, when the parties apparently separated. The children then remained with respondent, eventually moving to various areas on the west coast until finally settling in Portland, Oregon, in June of 1976. There they remained until petitioner, without respondent's consent and against his wishes, took custody of the children on March 27, 1978, bringing them back to Lancaster. Petitioner has now instituted these proceedings in Lancaster County to determine custody.

It is clear that Oregon could properly exercise jurisdiction under section 4(a)(1) of the act, to which it is also a party,[1] in that it had been the children's home state within six months before commencement of these proceedings and respondent still resides there. Whether Pennsylvania has jurisdiction is not so clear. Under the present facts, jurisdiction would have to be established under section 2304(a)(2).[2] This court would be competent to hear the matter if "(2) it is in the best interest of the child that a court of this State assume jurisdiction because: (i) the child and his parents, or the child and at least one contestant, have a significant connection with this State; and (ii) there is avail-

1. OR. Rev. Stat. §109.700 et seq.

2. No allegations are made in the petition or in the stipulation concerning mistreatment or abuse of the children, making section 4(a)(3) inapplicable.

able in this State substantial evidence concerning the child's present or future care, protection, training, and personal relationships."

Petitioner contends that her residence in Pennsylvania, the presence of the children here, and their past history of having resided together in the Commonwealth form a sufficient basis for the finding of a significant connection with this state. It is clear that the mere presence of the children and petitioner does not render jurisdiction proper under section 4(a)(2). See section 4(b), U.C.C.J.A., 11 P.S. §2304(b). It is doubtful under the facts of this case whether the required connection exists, notwithstanding the allegations of past residence, in light of the fact that the children resided for 21 months in Oregon prior to their removal from that state by petitioner. However, we find it unnecessary to rely on an interpretation of this section in finding that jurisdiction would be best exercised in Oregon.

Section 8 of the act, 11 P.S. §2308, allows us to decline jurisdiction upon a finding that we constitute an inconvenient forum. Using the criteria enunciated in subsection (c), it becomes clear that such a finding is warranted in the present case. Oregon is or recently was the children's home state and has a closer connection with the children and one of the contestants in that the children had resided there with their father for 21 months prior to their removal by petitioner. It follows that substantial evidence concerning the children's present or future care and training is readily available in that state. To say that such evidence would be more available in Pennsylvania would assume that custody is properly with the petitioner and would ignore the fact that the children have spent just a few

recent months here as opposed to the lengthy stay in Oregon, where family and friends are located. See stipulation, paragraph 13.

Furthermore, an exercise of jurisdiction here would contravene a purpose of the act. Section 2, 11 P.S. §2302, provides in subsection (a)(5) that one of the general purposes is to deter abductions and other unilateral removals of children undertaken to obtain custody awards. This purpose is evidenced more fully by section 9, which states that where petitioner has wrongfully taken the child from another state, we may decline jurisdiction where it is just and proper to do so under the circumstances.

Such is the case here. We recognize petitioner's claim that in 1976 respondent removed the children without her knowledge and against her wishes when he took them to the west coast. However, it is apparent from the stipulation of facts that from February 6, 1976, the date when respondent and petitioner stopped living together, until June 1976, the children remained at the Lancaster address with respondent. Thus, when respondent left with the children he did not remove them from the residence of petitioner, who apparently allowed him custody of the children during the interim period. Under the present circumstances, the fact that respondent moved with the children "without petitoner's knowledge and against her wishes" in no way justifies the ex parte removal of the children from Oregon after 21 months of residence there.

Accordingly, we enter the following

## ORDER

And now, July 17, 1978, we find that the exercise of jurisdiction in the present custody matter would

be improper in Pennsylvania and find it in the interests of the children that Oregon assume jurisdiction. Therefore, respondent's preliminary objections in the nature of motions to dismiss because of petitioner's conduct and because Pennsylvania is an inconvenient forum are hereby sustained.

We decline at this time to order that custody of the children be returned to respondent, Dong My Ha, pending proceedings in Oregon, recognizing that the court there has the authority under section 12(b) of the Uniform Child Custody Jurisdiction Act to order the appearance of the petitioner, Ly Stubblefield, with or without the children, and inform her that a failure to comply may result in a decision adverse to her interests.